| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2005-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2005- A | |
| In Re:<br><br>Jennifer Holmes,<br><br>Debtor. | Case No.:  18-17443 CMG<br>Adv. No.:<br>Hearing Date:  6/20/18 @10:00 a.m.<br><br>Judge:  Christine M. Gravelle |

Order Filed on July 3, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: July 3, 2018**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2

| | |
|---|---|
| Debtor: | Jennifer Holmes |
| Case No.: | 18-17443 CMG |
| Caption: | **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN** |

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, the Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2005-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2005- A, holder of a mortgage on real property located at 60 Crest Dr, Howell, PA, 07731, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and James J. Cerbone, Esquire, attorney for Debtor, Jennifer Holmes and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by December 1, 2018, or as extended by an order extending loss mitigation or a modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make regular post-petition payments directly to Secured Creditor outside of the plan in accordance with the terms of the note and mortgage; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's proof of claim while Debtor is seeking a loan modification; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if loss mitigation is unsuccessful, Debtor shall modify the plan to surrender, cure and maintain, sell, refinance, or otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to pre- or post-petition arrears in the event loss mitigation is unsuccessful; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.